the fourth district appellate court of the state of illinois has now convened the honorable robert j steigman presiding thank you mr bailiff the first case up today is 4 24 1 4 3 6 people versus massey i've asked uh counsel for the appellate please state your name for the record michael lorenstein assistant appellate offender thank you counsel for the appellee please state your name for the record uh matthew goldman on behalf of the people of illinois thank you mr orenstein on behalf of the defendant appellate you may proceed sir okay and i don't remember the procedure here but i would like to request five minutes for rebuttal if that's part of that you get an automatic five minutes we go 20 20 and the five that you have thank you all right good morning your honors unless your honors have thoughts otherwise i'm going to start with issue two seagan issue one and if there's time address crankle your honors the offense here is extraordinary but so is the constitutional mitigation here's a 16 year old who essentially never had a mother to speak of no father and only occasional parenting from a drug addicted mother who was caught not once but twice in gang shootouts and who suffered more adverse experience childhood experiences than 99 of all criminal defendants and who was molested both at age four and again at age 10 given this statistical conclusion i'm sorry how did you come to that statistical conclusion that was in the in the uh the psychologist report they had she had tested adverse childhood experiences how did she come to that statistical well the average childhood experience is is a well is a way is a well established psychological test that's endorsed by the um i believe department of healthy human services a federal department i may be wrong about the department and they they they interviewed lots of people and and lots of criminal defendants and and added up how many childhood how many of these adverse childhood experience such as physical abuse such as neglect such as uh uh material deprivation and it's a score from one to ten and he scored i believe an eight or a nine and the average the average person scores one or two the average defendant goes into three or five and then it gets narrower as that goes on thank you okay so so so given this background and especially given the heinous offense it was especially important that the sentencing be clean but the judge misapplied the statutory impulsivity factor he equated impulsivity or impetuosity with the split second decision but the statute requires the ability to consider quote the risk and consequences of behavior graham has very similar language and the inability to weigh long-term consequences describes this case pretty well my client was meandering along a road burglaring the burglarizing this house than that and at the end committing this horrible sexual assault all with no escape plan of course it was impetuous and impulsive second the trial court applied blanket policy it found that deterrence is always a consideration in any sentencing and while it's certainly common nothing is always in sentencing every case must be unique well counsel i don't understand what you're just arguing while every case is unique with regard to applying the various sentencing factors for a particular defendant how can you say that deterrence is not the consideration in every criminal case i mean it can be consideration in any criminal case but i think there's always a consideration in any criminal case along with other uh potentially aggravating or mitigating factors well it i mean it is it theoretically can be a consideration in any case or every case but but but a judge has to apply it and and and find and find facts in any specific case and it may or may not but that's a different point okay question is did the trial court properly consider the aspect of deterrence right is different than saying deterrence is not a proper consideration at all which is how you begin oh it's definitely a proper consideration but it has to rely on the facts of the case there may be case in which insurance is irrelevant for example a type of offense where that's that's unique that no one else would be in that situation so so it's so it's always it's it's always it's always a statutory factor and and but it's got to be based on the facts of the case is all i'm saying so with regard to this question of impulsiveness yes uh i'm not sure i understand what your point is it seems that you're arguing that uh it was not carefully planned what he did on the night that these uh three different uh home invasions but uh once he got to the victim in this case what was impulsive about that that wasn't that the uh lingering terrible night of abuse that she suffered it absolutely was and and if my client if my client had given one thought to his own forget about the moral and and obvious heinous implications of this if my client had given the slightest thought to his own self-interest he would have done no such thing and that's what graham is about graham is saying that that that that children do not possess the same ability to control their actions or consider the reactions that you or i do and and and and so there has to it doesn't say it excuses certainly but it says there has to be certain different considerations there so you're arguing he couldn't control himself when he was engaging in this terrible behavior well i'm arguing that certainly he he was unable to control himself is maybe too but he was certainly unable to consider the long-term consequences to himself or he would ever have done it well how many criminals of whatever age i mean it seems to me this is a characteristic of serious criminals in any context who commit serious crimes their long-term thinking is uh always suspect they don't consider much of anything as opposed to the opportunity to commit a crime and then to do it that is distinctive that is that that is often true but both graham and the legislature have said that the ability to consider long-term consequences has to be one sentencing factor it doesn't mean it's the only sentencing factor it doesn't mean you can't get a long sentence but it has to be one sentencing factor and i'm saying the appellate the trial court did not apply correctly what part of this record supports the claim that this defendant didn't understand the overall bad consequences for him if he gets caught having committed these terrible acts upon this woman the the part of the record that said that afterwards he was driving aimlessly and me and then meandering along the road holding holding the holding the proceeds so having having no having no no heed to to his own to his own to the consequences on himself let alone my focus is as as he was engaging in this terrible behavior right what indication was there at that time that he somehow didn't understand that there would be serious bad consequences for him if he were caught well i don't think during that time that you could i could i can tell you anything but afterwards that circumstance what he did afterwards is circumstantial evidence that at the time he wasn't he he did not have he did not have considering that that would be my answer to that so unless there are any other questions on issue two issue one okay now the state argues primarily so what he got the minimum but as we argue in issue one the minimum 72 year sentence violates grant v florida i first note that unlike miller which covers homicide cases grant flatly bland life terms without without meaningful parole for non-homicide cases absent a quote realistic opportunity for release the word term realistic is not in miller it's only in grant but under illinois parole framework massey can rehabilitate himself until his mother theresa yet the board can and probably must deny parole forever that's true for three reasons first under the administrative code if parole would deprecate the seriousness of the of the offense the board must deny parole no matter what no matter the change second the parole statute deems facts aggravating which under graham must be mitigating emotional instability for one and substance abuse for another and third parole is is arbitrary while that while the board must consider all kinds of factors it could condemn deny for any reason or no reason it's purely a matter of grace that's what the hanrahan case says all of which undermines graham and montgomery which make rehabilitation primary now the state argues that spencer holds otherwise in spencer our supreme court found that for the parole statute satisfied that our proportionate penalties clause but spencer did not address the eighth amendment except to distinguish it it did not address juveniles especially for non-homicide crimes except to them and it addressed neither graham nor nor montgomery or nor except to distinguish in miller so our argument is that it does not follow that what is a meaningful opportunity under the proportionate penalties clause is a meaningful opportunity under the eighth amendment alternatively even if this court yes yes counsel yes status correct this is not that the trial court imposed the sentence imposed in this case was the minimum required by statute i'm sorry could you repeat i didn't hear the first part is the state correct that the sentence the court imposed in this case is the minimum required by statute looking only at the statute is correct because of the of the yes so your argument is we'd have to conclude that under the circumstances of what happened in this case the sentencing was unconstitutional because otherwise the court this is the minimum sentence so it's not a question of the court abusing its discretion by imposing too heavy a sentence isn't that that's great that's correct that this could be at this point it in order they were certainly not argued that the sense of the sentence is excessive you know as as is it the common in terms of the run of the mill excessive sentencing we're not arguing that at all under the proportionate it is yes we are not arguing that so we conclude the sentence is not in violation of the constitution this is over is it not well it's it is not and that's what i was going to say i have an alternative argument on that okay even if the court disagrees with issue one if it finds improper sentencing factors this court should still remand because i remand this court the trial judge excuse me could find their massive sentence violates the proportion of penalties clause now one thing that spencer really recently clarified which i don't think was at all clear before that emerging adults like all other defendants may it may raise proportion of claim for penalties claims as the sentences of any length so even if massey's sentence isn't a fact of life he can still make a proportion of penalties claim now on remand counsel could make a credible argument that the mandatory minimum violated the proportion of penalties clause under the illinois case of people v leon miller and leon miller as i'm sure you are aware the defendant a minor was convicted of two murders that got mandatory natural life three concert converging statute made this sentence mandatory the transfer statute the accountability statute and the mandatory sentencing statute here my client's sentence was also mandated by the confluence of three of three statutes again the mandatory sentencing statute the mandatory consecutive consecutive statute and the four mandatory consecutive 10-year add-ons for using for his for using a knife even though he did not consecutively use a knife he used it at one time so so what so that's not an independent argument but it is an argument that if if the if this court finds that the sentencing factors were improper it would not be harmless and it would still be worthwhile to send it back to the trial court so unless there are any questions on that i will go to krankel your honors in his motion to go pro se my client made several complaints against trial counsel the first addressing guilty plea negotiations involved his first lawyer ron lewis i'll get back to that one in a minute but his remaining allegations simply discussed counsel and they were equally applicable to not only lewis but also his private counsel i believe his name was spears failure to investigate witnesses to file a suppression motion and failure to file a severance motion private both of both of his counsel could have addressed these could have filed these motions as they all appeared pre-trial but this was a perfectly legitimate krankel complaint and the just judge inquired into none of this now as the state points out massey also did specifically country could target pardon me pardon me target his first attorney ron lewis arguing that he mishandled the plea bargaining the judge did not inquire about this either so for these reasons the judge this court should order a krankel inquiry and unless there are any other questions i'd ask that this court grant the brief we requested thank you counsel mr goldman behalf of the state jury make your argument at this time thank you your honor i will address the arguments in the order in which counsel raised them starting with the argument related to the sentencing factors i think that the the core issue here for the defendant's argument is that the defendant already received the minimum allowed under the law the court which is evident from the the record was very careful in the way that addressed the factors it did not breeze through them by any stretch of the imagination it carefully considered each of them and it reduced the sentence to the lowest possible amount allowed under the law and i think your honors are correct that absent a constitutional violation that was the most that this judge could do so any complaint related to misapplication of impulsivity or some other factor really doesn't play a role in this case what this is really about is they receive the minimum sentence and is that minimum sentence constitutional i would argue obviously that it is but i would say that these the the question about the application of the individual factors is more or less a distraction from that that core constitutional issue but addressing impulsivity because that was something that counsel discussed at length the way that the defense is construing impulsivity here is in a broad manner practically nobody would be committing serious crimes if they were if if the criteria for impulsivity was your ability to to you know think about your future nobody would murder anybody nobody would ever commit criminal sexual assault under these circumstances every single person who would be convicted of a serious crime would be almost by definition impulsive i think when we look at the actual analysis of impulsivity and impetuousness we see two things first in impulsivity or impetuousness as part of the character of the defendant you know somebody who actually lacks development in that part of their brain is has some kind of difficulty making uh those decisions or impulsivity in the moment uh and i i'm unfortunately not able to recall the specific name of the case but i know that one of them is one where there's essentially a drug deal gone bad somebody's a lookout they attack the person and then when the person wakes up they hit him with a bat or something of that nature that's the kind of situation where even though it takes place over a series of interactions uh each of the the moments happens very quickly the person wakes up they're struck with the bat uh that's very different from the kind of impulsivity that the defendant is claiming in this case where uh certain aspects of it may have been impulsive doing a home invasion uh possibly could be impulsive uh and had the defendant uh upon encountering this young lady in her home uh hit her and ran out the door perhaps that would have been an impulsive uh act because it happened in a split second but under these circumstances where the assault at issue took place over the course of a long period of time that is time where the defendant's impulsivity did not play a role the that is a time where the defendant had time to think about what was taking place uh make a different choice and he carried on with the assault anyway uh your honor's turning to the core constitutional issue raised uh in the defendant's first argument uh i would argue that the spencer decision resolves this uh this issue uh the illinois supreme court was very clear that the parole review scheme established by the the general assembly is a meaningful opportunity for release uh now it is true that there are things that make the defendant in spencer different from the defendant in this case obviously the the defendant in spencer falls into the category of what people describe as an emerging adult somebody between the ages of 18 and 21 uh whereas this defendant uh was under the age of 18 at the time the offense was committed uh but those factors actually make it more likely that this this individual would have an opportunity for meaningful release because all of the factors that the court is directed to consider apply more to people if they're younger the court is supposed to consider those factors related to the adulthood and thereafter and so uh the fact that the that the court determined that a 20 year old has a meaningful opportunity release under this uh parole review statute uh means that this defendant has an equal or perhaps even a slightly greater uh chance at uh an opportunity for release uh now council brings up uh possible problems uh with the parole review scheme but i would argue that the the illinois supreme court was able to take a look uh at parole review uh and determine that it still is a meaningful opportunity for a lease and under the law that is what the constitution requires um your honors if there are no further questions on that issue i'll turn to the crinkle issue let me let me just make sure i understand uh it's there's this new parole statute that is uh enacted uh is it your position that's applicable in this case and sufficient for the defense purposes uh yes your honor it i think it's probably agreed by the defense as well that this is applicable um they acknowledge that after 20 years uh the statute will allow them to get parole review um and then i believe it's every 10 years thereafter they get additional review should they not get the relief that they seek uh the first time around um i that appears to apply in this case uh and the only supreme court has said that constitutes a uh meaningful opportunity for a lease which is what is required under the constitution i understand mr orenstein's argument however he's claiming that the decision of the parole board denying parole if that were the case could be arbitrary and there's no restraints on it and no judicial review what about that uh i disagree that it's arbitrary uh the certainly they do have discretion uh but they look to a for uh parole and i think that the the concern that the parole board will have to essentially rubber stamp a denial of parole uh due to the uh circumstances the offense likely isn't correct because uh i think when interpreting the statute uh the parole board will probably determine that legislator was able to create the scheme for people who are accused of very serious offenses i mean essentially anybody who's going to be eligible for this is going to be uh somebody who is convicted of murder or in a case like this uh very very serious sexual assault uh or some other similarly heinous crime uh and so it seems very unlikely to me that the parole board would say well uh if we grant parole even though we're explicitly supposed to consider it uh we have to deny it in this and probably every other case because we we're looking at heinous crimes here uh the the more likely thing is that they will look at the specific aspects of each individual offense and determine is this something that uh the defendant has been rehabilitated from that defendant has changed uh their character in uh and is this something where they can be released uh into society now uh which is exactly what the law is written for and exactly uh uh i i would argue the right way to treat juvenile offenders where there is the possibility that they could change uh down the road uh that's what the statute hopes for that's probably what the general assembly hopes for and uh uh that's something that the parole board will have the opportunity to review at this uh parole hearing thank you your honor uh if there are any other questions uh on that topic i'm certainly uh happy to answer them but otherwise i'll move to the crankle argument um the the crankle argument here uh uh uh i i believe the core issue with the defendant's argument is that the defendant received multiple different attorneys throughout the life of this case um crankle is uh an important issue when the claims raised uh by the defendant concern the attorney that is representing them at the time that they would have the post-trial motion now uh i would argue that some of the claims that the defendant now raises on a in this argument are actually forfeited uh the defense counsel in their initial brief really only addressed one claim and that was the claim related to their pre-trial counsel uh regarding the plea negotiations uh in in my brief i then pointed out that they had completely different counsel uh which uh made it so that crankle was not a problem uh for the post-trial uh issues for the post-trial motion and then counsel brought up additional claims that the defendant uh made uh uh after the trial i would argue that those claims are now forfeited because uh as your honors are well aware you are required to bring up all of the claims that you want to be heard in your initial brief um but in any case the the situation with the different attorney pre-trial the different attorney at trial and then that that trial attorney did represent the defendant for some time post-trial but ultimately sentencing was uh done by a different attorney all of these different attorneys mean that the concern of the attorney having to argue their own effectiveness simply wasn't present in this case um counsel does bring up the fact that uh the sentencing attorney might have felt some pressure to not argue the ineffectiveness of their uh their superior in their office um but i i would argue to this court that that in my experience is not a particular concern for public defenders that public defenders are interested in defending their clients uh uh and would not be uh dissuaded by that it's just a matter of my personal experience having been a public defender um but the uh the ultimate issue though is that the the only claim that was raised in the initial brief uh should not uh have posed a problem for krankel and uh all of the other claims are forfeited and for that reason this court should reject that claim as well uh unless the court has any other questions i will simply stand on the strength of my brief as written and uh thank you for your time i see none thank you counsel mr arnstein on behalf of the apology we're making a rebuttal argument at this time sir you're muted mr arnstein apologies let me get my right screen up here all right so so a couple things first of all right at the outset um council noted noted that that the judge reduced the sentence to the lowest amount possible under the law and so we agree with what council said that absent one of the two constitutional issues i brought up that that that it couldn't be reduced any more than that but there's a flip side to that because you reduced it to the lowest possible amount under the law if you remand and if you remand under the constitutional issues there's a reasonable chance that the judge might go lower because the judge already went as low as he is as a judge can go um the second point i would make is that under the council's argument of impulsivity a split-second situation a quick home invasion a robbery no sexual assault could possibly impulse with every every everyone takes at least a few minutes but that can't and so that how you get not a life term or a life term with it with a realistic opportunity for parole finally i wanted to address what uh you said justice i believe we just suggested stigma asking about if we if if the state thought the the uh the parole scheme was arbitrary our argument isn't exactly that it's arbitrary but it elevates a policy decision that violates the policy principles of graham if under the administrative code it's very clear both under under under two separate sections that if the offense is serious enough to deprecate that a shorter term would deprecate the seriousness of the offense you can't grant parole no matter any other consideration and and and that is the problem with graham says that everybody has to has to have a realistic opportunity for parole finally as to crankle i would just say as far as the as the forfeiture give me one sec i'm reading for my opening i totally disagree with the poor for forfeiture i'll read it i'll read a sentence two sentences from my from my brief before his sentencing hearing massey moved to go pro se in the motion he alleged the council never investigated witnesses improperly reading continuances failure to seek burglary charge severance failure to seek weapons evidence suppression and failure to address and i'm paraphrasing the gerstein hearing and then i went into ron lewis and the sentencing offer which is the issue the state is talking about so i would say that we forfeited nothing and our opening brief so for those reasons we ask that this program free the resentencing alternatively for a critical hearing thank you council thank this matter and advisement issue a ruling in due course and we'll stand in recess at this time